IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-MC-18-D

WILLIAMSON FARM,                    )
                                    )
                  Petitioner,       )
                                    )
      v.                            )          **ORDER**
                                    )
DIVERSIFIED CROP INSURANCE          )
SERVICES, a/k/a CGB Diversified     )
Services, Inc.,                     )
                                    )
                  Respondent.       )

On May 12, 2016, Williamson Farm ("Williamson Farm" or "petitioner") moved to confirm an arbitration award against Diversified Crop Insurance Services ("Diversified" or "respondent"). See [D.E. 1]. The arbitration concerned a dispute involving two crop insurance policies and resulted in a total arbitration award of $639,929.44. See id.; see also [D.E. 1-1] (arbitration award). Williamson Farm seeks confirmation of the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16. See [D.E. 1]; see also [D.E. 2].

On June 13, 2016, Diversified responded in opposition. See [D.E. 9]. Diversified argues that this court cannot confirm the arbitrator's award because the Federal Crop Insurance Corporation ("FCIC") has not yet determined that Diversified failed to comply with the insurance policies or FCIC procedures and that such failure resulted in Williamson Farm receiving a payment in an amount less than what was due. See id. 5–6 (discussing 7 C.F.R. § 400.352 and Common Crop Insurance Policy § 20(i), as reproduced in 7 C.F.R. § 457.8). Diversified also argues that the arbitrator exceeded her authority. See id. 5–7.

On June 16, 2016, Williamson Farm replied. See [D.E. 10]. Williamson Farm argues that it is not required to obtain a determination from the FCIC before confirmation of the award and that the arbitrator did not exceed her authority. See id.

On June 29, 2016, Diversified moved to vacate the arbitration award and filed a memorandum in support. See [D.E. 11, 12]. The parties should complete the briefing on Diversity's motion to vacate by August 3, 2016.

A decision concerning "the proper division of authority between the arbitrator and the FCIC has the potential to affect significantly the administration of the federal statutory scheme." Davis v. Producers Agric. Ins. Co., 762 F.3d 1276, 1284 (11th Cir. 2014). Thus, the court requests that the FCIC submit a brief as amicus curiae. See id. The brief should address the FCIC's views on whether Williamson Farm must obtain a determination from the FCIC before confirmation of the award and whether the arbitrator exceeded her authority. The amicus brief is due August 31, 2016.

In sum, the court REQUESTS that the FCIC submit an amicus brief no later than August 31, 2016. The clerk shall serve this order on the parties and on the U.S. Attorney for the Eastern District of North Carolina. The U.S. Attorney shall ensure that the appropriate officials within the FCIC receive a copy of the order and advise the court whether the FCIC will submit the requested amicus brief.

SO ORDERED. This ⊥⊥ day of July 2016.

JAMES C. DEVER III
Chief United States District Judge

2