IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:16-MC-18-D

| | |
|---|---|
| WILLIAMSON FARM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| DIVERSIFIED CROP INSURANCE | ) |
| SERVICES a/k/a CGB DIVERSIFIED | ) |
| SERVICES, INC. | ) |
| | ) |
| Respondent | ) |

## **WILLIAMSON FARM'S MEMORANDUM IN RESPONSE TO FCIC'S AMICUS BRIEF**

**NOW COMES** Petitioner, by and through its undersigned counsel of record, and respectfully submits this Memorandum in Response to the FCIC's Amicus Brief.

## **NATURE OF THE CASE[1]**

Petitioner filed an Arbitration Demand with the American Arbitration Association on or around March 5, 2015 against Respondent pursuant to Section 20(a) of two insurance policies previously provided which required that all "disagreements" be resolved through arbitration in accordance with the rules of the American Arbitration Association. The arbitrator agreed upon by the parties was the renown and distinguished Catharine B. Arrowood. On June 17, 2015, Petitioner requested a determination from the FCIC prior to the Arbitration hearing. On January 14, 2016, the USDA replied to the determination letter request without making any determination. Attached as Exhibit A is the USDA letter.

---

[1] Petitioner incorporates herein by reference all its previous pleadings in this matter.

The arbitration was conducted between the parties over two days on April 19 and 20, 2016. The arbitration addressed all of the issues that the parties submitted for review. The arbitrator permitted both parties to present lay and expert testimony and accepted into evidence every exhibit offered. The arbitrator permitted both parties to examine, re-examine, and/or cross-examine every witness to their satisfaction. The arbitrator permitted both parties submit pre- and post-hearing briefs and even allowed Respondent to provide additional evidence post-hearing. At the close of all of the evidence and the submission of post-hearing briefs, the arbitrator found in favor of Petitioner and against Respondent on almost all issues. The Final Award of Arbitrator ("Award") was attached as to previous briefing in this matter.

The Arbitrator awarded the following monetary damages:

a. Contract Damages of $97,692.39 for Farm 2171 (Paragraph ¶ 42 to Award)[2]
b. Contract Damages of $77,668.59 for Farms 1872 and 4168 (Paragraph ¶ 51 to Award)[3]
c. Attorney's Fees of $98,852.50 (Paragraphs ¶45 and 54 to Award)
d. Reimbursement for Arbitration Costs of $14,994.00
e. Trebling of the Contract Damages (Paragraphs ¶ 43 and 52 to Award)

The total amount of the award is $639,929.44. The Arbitrator specifically awarded contract damages in the amount of $175,360.98 in finding that "I conclude that DCI failed to comply with the terms of Exhibit A."

## ARGUMENT

This matter went to Arbitration pursuant to the two crop insurance policies at issue. The FCIC was asked and given the opportunity to make a determination concerning the case prior to the arbitration hearing but did not. Exercising her discretion and judgment, the Arbitrator determined after two days of testimony, review of binders of exhibits, and submission of several

---

[2] "I conclude that DCI failed to comply with the terms of Exhibit A"
[3] "I conclude that DCI failed to comply with the terms of Exhibit B"

briefs that Respondent breached the terms of the two crop insurance policies and awarded contract damages based on such breach. The Arbitrator further rightfully determined that she could award costs, the trebling of the contract damages under Chapter 75 of North Carolina General Statute, and attorney's fees based on Respondent's aggravated breach of the policies.

The FCIC now argues that all of the Arbitrator's work should be undone because it disagrees with her award. Principally, in its Amicus Brief it appears that the FCIC decides, without the benefit of examination of any exhibits or witness testimony in the arbitration proceeding, that Respondent did not breach the terms of the policies at issue (a decision at odds with the clear and binding award of the Arbitrator) and would not make a determination in Respondent's favor on that issue pursuant to Section 20(i). Two main arguments follow from FCIC's autocratic opinion: (i) that it believes the Arbitrator exceeded her authority by awarding extra-contractual damages and attorney's fees and by failing to obtain and follow binding Final Agency Decisions where ; and (ii) that Petitioner must obtain a determination from FCIC that Respondent failed to comply with the terms of the policy or procedures issued by FCIC prior to any extra-contractual damages or attorney's fees being awarded.

Accordingly, FCIC's not shocking conclusion is that the Respondent insurance company, subsidized by the United States government, does not have any liability and by virtue of that, that FCIC is not required to reimburse Respondent for damages Petitioner has been awarded by the Arbitrator. However, it is not FCIC's opinion that determines whether there was a breach of contract, that decision is left to the Arbitrator and her ruling was clear. Accordingly, the Arbitrator's Award should be confirmed in its entirety.

3

## I. THE ARBITRATOR'S AWARD IS ENTITLED TO DEFERENCE AND SHE RIGHTLY DECIDED ALL ISSUES BEFORE HER AND AWARDED SPECIFIC CONTRACT DAMAGES AND NON-CONTRACT DAMAGES

This dispute went to Arbitration pursuant to Section 20(a) of the insurance policies at issue which require all "disagreements" between the parties be arbitrated. On June 17, 2015, Petitioner requested a determination from the FCIC prior to the Arbitration hearing. On January 14, 2016, some seven (7) months later, the USDA replied to the determination letter request without making any determination. Accordingly, the FCIC had every ability to provide its opinions in this matter to the Arbitrator prior to the hearing, it decided not to. An arbitration was conducted. Contrary to the statements of both the FCIC and Respondent the Arbitrator expressly awarded contract damages, as well as extra-contractual damages, and determined that Respondent failed to comply with the terms of the policies at issue. The Arbitrator awarded the following monetary damages:

a. Contract Damages of $97,692.39 for Farm 2171 (Paragraph ¶ 42 to Award)
b. Contract Damages of $77,668.59 for Farms 1872 and 4168 (Paragraph ¶ 51 to Award)
c. Attorney's Fees of $98,852.50 (Paragraphs ¶45 and 54 to Award)
d. Reimbursement for Arbitration Costs of $14,994.00
e. Trebling of the Contract Damages (Paragraphs ¶ 43 and 52 to Award)

The total amount of the award is $639,929.44. The Arbitrator specifically awarded contract damages in the amount of $175,360.98 in finding that "I conclude that DCI failed to comply with the terms of Exhibit A [B]."

The FCIC would have this Court review anew the merits of the Arbitrator's decision but just because this matter involves a federal crop insurance policy does not mean that the extremely narrow standard for review of an arbitration award is any different than previously determined by the Fourth Circuit. "[A]ny judicial review of an arbitration award must be an extremely narrow exercise." Long John Silver's Restaurants, Inc. v. Cole, 514 F.3d 345, 351

4

(4th Cir. 2008); *see also* Wachovia Securities, L.L.C. v. Brand, 671 F.3d 472, 478 (4th Cir. 2012)(judicial review of arbitration awards is "severely circumscribed.") Importantly, any judicial review of an arbitration award is "extremely limited," and is, in fact, "among the narrowest known to the law." U.S. Postal Serv. v. Am. Postal Workers Union, AFL-CIO, 204 F.3d 523, 527 (4th Cir. 2000) (internal quotation marks omitted). Courts need not -and are not authorized to – review the merits of an arbitrator's decision. Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001); Wachovia Securities, L.L.C., 671 F.3d at 483. Indeed, "an arbitration award is enforceable even if the award resulted from a misinterpretation of law, faulty legal reasoning or erroneous legal conclusion." Richmond, Fredericksburg & Potomac R.R. Co. v. Transp. Commc'ns. Int'l Union, 913 F.2d 276, 281 (4th Cir. 1992) (internal quotation and citation omitted). The same is true for awards that result from a misinterpretation of the contract. MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 861 (4th Cir. 2010). As the Supreme Court put it, "as long as an honest arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." Eastern Assoc'd Coal Corp. v. United Mine Workers of Am., Dist. 17, 531 U.S. 57, 62 (2000) (quotation and citation omitted); United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987). Thus, in reviewing an arbitration award, "a district or appellate court is limited to determine whether the arbitrators did the job they were told to do – not whether they did it well, correctly, or reasonably, but simply whether they did it." Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994); *see also* Richmond, Fredericksburg & Potomac R.R. Co., 973 F.2d at 281 ("So long as an arbitrator makes a good faith effort to apply the law as he perceives it, the courts may not upset his decision[.]"). The Arbitrator was

asked to decide all "disagreements" between the parties and did so. It is not for anyone to overturn her decision, even if the Court's opinion was that she committed serious error.

Petitioner and Respondent have bargained for the arbitrator's -not the court's – decision, and thus "the reviewing court's task is to enforce the bargained-for decision of the arbitrator and not to evaluate the arbitrator's factual findings or legal analysis." Richmond, Fredericksburg & Potomac R.R. Co., 973 F.2d at 281. As the Fourth Circuit recently put it:

> The FAA notably does not authorize a district court to overturn an arbitral award just because it believes, however strongly, that the arbitrators misinterpreted the applicable law. When parties consent to arbitration, and thereby consent to extremely limited appellate review, they assume the risk that the arbitrator may interpret the law in a way with which they disagree. Any more probing review of arbitral awards would risk changing arbitration from an efficient alternative to litigation into a vehicle for protracting disputes.

Wachovia Securities, LLC, 671 F.3d at 478 n.5 (citations omitted); *see also* B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 907 (1lth Cir. 2006) ("The laudatory goals of the FAA will be achieved only to the extent that courts ensure arbitration is an alternative to litigation, not an additional layer in a protracted contest.")

In this case, the arbitrator fully and fairly completed the assignment the parties gave to her. At the conclusion of the evidence, the arguments, and the briefing, she concluded that Respondent breached the terms of the two insurance policies entitling Petitioner to contract damages (Paragraphs #42 and #51 of the Award); that Respondent's conduct justified the trebling of damages (Paragraphs #43 and #52 of the Award); and the award of attorney's fees (Paragraphs #45 and #54 of the Award). Accordingly, the Arbitrator completed the job she was asked to perform, the Award is valid, and the law requires that it be confirmed in full.

6

> a. The Arbitrator expressly awarded Contract Damages

In its effort to argue that Petitioner should be owed nothing, FCIC contends that the Arbitrator did not award contract damages however the Award is clear that she did and it is further clear that whether the contracts were breached is not for the FCIC to determine, but the Arbitrator. The Arbitrator awarded the following contract damages:

> a. Contract Damages of $97,692.39 for Farm 2171 (Paragraph ¶ 42 to Award)
> b. Contract Damages of $77,668.59 for Farms 1872 and 4168 (Paragraph ¶ 51 to Award)

The Arbitrator specifically awarded contract damages in the amount of $175,360.98 in finding that "I conclude that DCI failed to comply with the terms of Exhibit A [B]." Accordingly, even if the FCIC's position was adopted by this Court on the non-contractual claims there is no ability to set aside the $175,360.98 awarded in contract damages.

> II. **THE FCIC'S DETERMINATION ON WHETHER ATTORNEY'S FEES, PUNITIVES, AND EXTRA-CONTRACTUAL DAMAGES MAY BE AWARDED MUST BE BASED ON THE FINDING OF THE ARBITRATOR THAT THERE WERE BREACHES OF CONTRACT, NOT ITS OWN OPINION**

Without any review of the exhibits or witness testimony during the two day arbitration proceeding, FCIC determines that there was no breach of the policies or its procedures and that accordingly, Petitioner can not recover extra-contractual damages under Section 20(i) of the Policies since there was no breach of the policies or FCIC procedures. FCIC's self-serving determination is completely inconsistent with its own regulations and previous FAD determinations which provide that it won't issue opinions regarding specific factual situations. As has been repeatedly stated in FAD determinations and 7 CFR § 400.768.

> (a) FCIC will not interpret any specific factual situation or case, such as actions of any participant under the terms of a policy or any reinsurance agreement.

7 CFR § 400.768.

It goes without saying that FCIC's opinion is completely contrary to the Arbitrator's decision. However, the Arbitrator's decision on whether the policies were breached is binding on the FCIC, Petitioner, and Respondent. WMS, Inc. v. Alltel Corp., 185 N.C. App. 86, 89–90, 647 S.E.2d 623, 626 (2007); Moody v. Able Outdoor, Inc., 169 N.C.App. 80, 85, 609 S.E.2d 259, 262 (2005) (quoting Rodgers Builders, Inc. v. McQueen, 76 N.C.App. 16, 22, 331 S.E.2d 726, 730 (1985), *disc. rev. denied,* 315 N.C. 590, 341 S.E.2d 29 (1986)). "

It follows from clear logic, without the need for any FCIC determination as the previous FAD determinations are clear, that if there is a breach of contract or a breach of the policy, the Arbitrator may award attorney's fees, punitive damages, and other compensatory damages. Petitioner would request FCIC to provide a Section 20(i) determination based on the following hypothetical posed to it:

- Arbitrator has rendered an Award determining that crop insurance company breached crop insurance policy and should have paid claim ($97,692.39 and $77,668,59);
- That determination is binding on the FCIC as pursuant to FAD-230 the Arbitrator has the authority to make factual determinations;
- Arbitrator also determined that Insured received less than they would have under the policy as a result of non-payment of claim ($0)
- Is insured entitled to determination that crop insurance company failed to comply with the terms of the policy and Insured received less than they would have under the policy as a result of non-payment of claim?

The FCIC would be required to find that Petitioner was entitled to such a determination in its favor and has so found in other FAD's, rendering further requests inconsequential. Finding otherwise would render the Arbitrator's Award and all crop insurance arbitrations a non-binding sham as to any extra-contractual claims that are raised. The FCIC can not substitute its own opinion, without the benefit of attending and participating in the arbitration proceeding, for that of the Arbitrator. As stated in Final Agency Determination 230:

> FCIC agrees with both requestors that an arbitrator has the authority to make factual determinations in arbitration. In accordance with the Federal Crop Insurance Act, regulations and policy provisions, it is FCIC's responsibility to interpret statute, regulations, policy provisions or procedures. It is the responsibility of the arbitrator to apply those interpretations to the facts of the case. FCIC agrees with the first requestor that FCIC does not consider any factual situation, and will not do so here, when issuing a FAD…
>
> FCIC-issued FADs that are applied during a(n) mediation, arbitration, and litigation proceeding are not specific to any one case but rather are generally applicable to all program participants. Any factual application of a FAD to a policyholder's situation or case is the responsibility of the arbitrator during the arbitration hearing….
>
> Under 7 CFR § 400.768 FCIC will not interpret any specific factual situation or case, such as the actions of the insured, AIP, agent, loss adjuster, arbitrator, mediator, judge, or magistrate under the provisions. Thus, this interpretation does not include any analysis of whether the policyholder, AIP, or arbitrator were in conformance with the statute, policy provisions, or procedures cited above.

According to its previous FAD, it is not for the FCIC to provide its uninformed opinion on whether a contract was breached, that determination is clearly to be made by the Arbitrator and that determination is binding. Similarly, an FCIC determination based on its own uninformed opinion would reek of bias and procedural and substantive unconscionability as the FCIC would never rule against its own insurance provider, as it would be against their financial interests to do so. The FCIC's position as to extra contractual claims, if accepted, makes the arbitration process that it calls for in its policies a complete farce, disregards in its entirety the Federal Arbitration Act and the case law examining the limited review of arbitration decisions, and would effectively provide Respondent total immunity for all of its actions, even intentional conduct. Under FCIC's logic, Respondent could literally slap Petitioner in the face and as long as the FCIC didn't consider that a violation of the insurance policy or procedure issued by FCIC, which they would not, no damages could be recovered. Neither the existing law nor logic allow Respondent to be put on a higher pedestal then the immunities provided to state or federal

government officials.

Similarly, courts have determined that an award of extra-contractual damages is permissible without an FCIC determination and insurance policies are interpreted in the light most favorable to providing coverage  See Great Am. Ins. Co. v. Moye, 733 F. Supp. 2d 1298 (M.D. Fla. 2010).  In Ohio, the District Court found that:

> [t]his Court, which is of competent jurisdiction, may, pursuant to Federal law, allow the Defendants damages beyond those for which the FCIC or the RMA would be liable if it had issued the CRC Policy if it determines that such damages were caused by the culpable failure of the Plaintiff to substantially comply with the FCIC's or the RMA's procedures or instructions in the handling of the claim or in servicing the insured's policy, or where the Plaintiff or its agents were acting outside the scope of their authority in performing or omitting the actions claimed as a basis for the damage action. Federal law does not necessarily preempt claims for damages beyond indemnity in this case.

Farmers Crop Ins. Alliance v. Laux, 442 F. Supp. 2d 488 (S.D. Ohio 2006)(citing 7 CFR § 400.176).  Accordingly, FCIC's position is contradictory to its previous FAD determinations and 7 CFR § 400.768.

### III. PETITIONER'S EXTRA-CONTRACTUAL CLAIMS ARE NOT PREEMPTED

FCIC also raises argument that Petitioner's extra-contractual claims may be preempted. Petitioner respectfully refers the Court to its Memorandum in Opposition to Motion to Vacate, pages 8-10, 12 for Petitioner's response to this argument.

### IV. FCIC'S POSITION IS CONTRADICTORY TO ITS PREVIOUS CORRESPONDENCE

FCIC contends in its Amicus Brief that the Arbitrator was required to seek a determination from FCIC before awarding extra-contractual damages.  However in its letter response to Petitioner's request for a determination before the Arbitration hearing, FCIC stated that "[i]n order for a 20(i) determination to be made, arbitration must be completed and a case

10

must be in judicial review in a court of law." So in its letter FCIC is saying that a Section 20(i) determination must be made after arbitration while in its brief it's stating the Arbitrator erred by not getting such a determination, which FCIC declined to give, before issuing her award. The FCIC can't have it both ways. It doesn't appear that FCIC even knows what the appropriate procedure is internally and to be sure it had no desire to have anything to do with this case until the adverse award. Accordingly, the arbitrator acted well within her authority in her Award of contractual and non-contractual damages and did the best she could. Her Award should be affirmed.

## **CONCLUSION**

Petitioner has played by Respondent's rules and unlike many others won. The Arbitrator's Award, even if disagreed with or questioned by the Court, must be confirmed under the deferential standards of the Federal Arbitration Act. Notwithstanding the standard of review, the esteemed Arbitrator Arrowood acted rationally and intelligently and dealt with complex legal and factual issues, as she was chosen by the parties to do. For the reasons set forth herein, Petitioner respectfully requests that the Court grants its Motion to Confirm Arbitration Award, deny Respondent's Motion to Vacate Arbitration Award and enter judgment upon the Award and grant any additional relief the Court deems just and proper under the circumstances to effectuate the intent of the Arbitrator.

This the 14th day of September, 2016.

                              **STUBBS & PERDUE, P.A.**
                              *COUNSEL FOR PETITIONER*

                              /*s/Matthew W. Buckmiller*
                              TRAWICK H. STUBBS
                              N.C. State Bar No. 4221
                              tstubbs@stubbsperdue.com
                              MATTHEW W. BUCKMILLER
                              N.C. State Bar No. 35194
                              mbuckmiller@stubbsperdue.com
                              9208 Falls of Neuse Road, Suite 201
                              Raleigh, North Carolina 27615
                              Telephone: (919) 870-6258
                              Facsimile:  (919) 870-6259




**United States Department of Agriculture**

**Farm and Foreign Agricultural Services**

**Risk Management Agency**

1400 Independence Avenue, SW
Stop 0801
Washington, DC
20250-0801

January 14, 2016

Kindelle M. McCullen
Stubbs Perdue
Attorneys at Law
9208 Falls of Neuse Road Suite 201
Raleigh, North Carolina 27615

Dear Ms. McCullen:

This is in response to your letter, dated June 17, 2015, on behalf of your client Williamson Farm, requesting a determination by the Federal Crop Insurance Corporation (FCIC) under section 20(i) of the Common Crop Insurance Policy, Basic Provisions (Basic Provisions), which are codified at 7 C.F.R. § 457.8. Section 20(i) of the Basic Provisions provides:

> In judicial review only, you may recover attorney fees or other expenses, or any punitive, compensatory or any other damages from us only if you obtain a determination from FCIC that we, our agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in you receiving a payment in an amount that is less than the amount to which you were entitled.

In order for a 20(i) determination to be made, arbitration must be completed and a case must be in judicial review in a court of law. In your letter, you state that Williamson Farm has asserted its rights against Diversified Crop Insurance Services through claims in arbitration. However, you have not established that arbitration is complete and that your client has sought judicial review in a court of competent jurisdiction. As such, FCIC cannot provide a determination under 20(i) at this time. When the arbitration proceeding is completed, and if your client seeks judicial review, you may request a determination at that time.

Sincerely,

Heather Manzano
Deputy Administrator for Compliance

cc: Diversified Crop Insurance Services

USDA is an Equal Opportunity Employer and Provider

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: RUDY E. RENFER, R. JEFFERSON ALLEN and DEREK M. CRUMP.

**STUBBS & PERDUE, P.A.**
*COUNSEL FOR PETITIONER*

/*s/Matthew W. Buckmiller*
TRAWICK H. STUBBS
N.C. State Bar No. 4221
tstubbs@stubbsperdue.com
MATTHEW W. BUCKMILLER
N.C. State Bar No. 35194
mbuckmiller@stubbsperdue.com
9208 Falls of Neuse Road, Suite 201
Raleigh, North Carolina 27615
Telephone: (919) 870-6258
Facsimile: (919) 870-6259