IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-MC-18-D

| | | |
|---|---|---|
| WILLIAMSON FARM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPLY TO PETITIONER'S |
| | ) | RESPONSE TO AMICUS |
| DIVERSIFIED CROP INSURANCE | ) | BRIEF |
| SERVICES, a/k/a CGB Diversified | ) | |
| Services, Inc., | ) | |
| | ) | |
| Respondent. | ) | |

NOW COMES the Federal Crop Insurance Corporation (FCIC) to hereby submit this Reply to Petitioner's Response to the Amicus Brief submitted at the Court's request in this matter. Contrary to Petitioner's claim, the arbitrator exceeded her authority i) by awarding contractual damages not covered by any policy, ii) by awarding extra-contractual damages and attorney's fees, and iii) by failing to obtain and follow the binding Final Agency Determinations (FAD) that addressed the issues the arbitrator considered. In addition, the FCIC submits that Petitioner must obtain a determination from FCIC prior to any extra-contractual damages or attorney's fees being awarded.

1

ARGUMENT

I. IF ANY PORTION OF THE ARBITRATOR'S AWARD CONSISTED OF CONTRACTUAL DAMAGES, SUCH AN AWARD WAS BEYOND THE SCOPE OF THE ARBITRATOR'S AUTHORITY WHERE THE POLICY FROM WHICH THE ARBITRATOR DERIVED HER AUTHORITY DID NOT COVER THE ACREAGE IN DISPUTE IN ONE COUNTY AND THE INSURED DID NOT COMPLY WITH POLICY REQUIREMENT IN THE SECOND COUNTY AND THE ARBITRATOR SO ADMITTED.

Petitioner first responds that the arbitrator awarded contractual damages within her authority. Petitioner's position is contrary to the law and without merit. The arbitrator was without authority to award contractual damages for land that was outside the scope of the policy and, therefore, outside the scope of arbitration.[1]

Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must "give effect to the contractual rights and expectations of the parties." Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 559 U.S. 662, 682 (2010), citing Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989). An arbitrator is bound by the terms of the contract giving rise to the proceedings and "is without any authority to disregard or modify plain and unambiguous provisions" of an arbitration

---

[1] Petitioner notes at some length the deference to be accorded an arbitrator's award, however, he completely fails to address one clear exception to that deference: when the arbitrator has exceeded her authority.

2

agreement. See Monongahela Power Co. v. Local No. 2332, Int'l Brotherhood of Electrical Workers, 566 F.2d 1196, 1198-99 (4th Cir. 1976). If an arbitrator interprets unambiguous language in any way different from its plain meaning, the arbitrator amends or alters the agreement and acts without authority. Inter-City Gas Corp. v. Boise Cascade Corp., 845 F.2d 184, 187 (8th Cir. 1988).

A. Farm 2172

With regard to Farm 2172, the arbitrator specifically found the following: i) Farm 2172 was located in Montgomery County, (D.E. 1-1, ¶ 28); ii) Exhibit A (the policy which formed the basis for the arbitrator's award of damages for Farm 2172) was a policy that only referenced Richmond County, (D.E. 1-1, ¶ 32); and iii) Farm 2172 was, therefore, uninsured, (D.E. 1-1, ¶ 42).[2] Therefore, after hearing all the evidence, the arbitrator, under the authority granted her by the policy, specifically found as a fact that Farm 2172 was not even covered by the Richmond County policy. As previously noted, uninsured land cannot provide the basis for

---

[2] In multiple portions of his response, Petitioner curiously chastises the FCIC for submitting its opinion in the Amicus Brief without having first examined any witnesses or exhibits, (D.E. 22, p. 3), or attended and participated in the arbitration process, (D.E. 22, p. 8), and for being uninformed, (D.E. 22, p.9). However, as plainly and clearly explained by the FCIC in the Amicus Brief, its opinion was based strictly on the arbitrator's findings of fact, as well as policy provisions, established law, regulations, and agency decisions.

3

Case 5:16-mc-00018-D   Document 23   Filed 09/26/16   Page 3 of 12

breach of policy or determination of damages if the policy in question covers different land altogether.

The scope of the arbitrator's authority to award contractual damages under Exhibit A (the Richmond County policy) was limited solely to whether Respondent was in breach of its obligations to insure land that was located only in Richmond County. The arbitrator was without authority to award contractual damages for Montgomery County land under a policy that only covered Richmond County land. By interpreting Exhibit A as giving her authority to award damages for claims arising from Montgomery County land under the provisions of a policy covering only Richmond County land, the arbitrator unilaterally amended the policy agreement and acted beyond the scope of her authority. Therefore, assuming, arguendo, that the Farm 2172 damages were contractual in nature, the arbitrator interpreted the unambiguous language of the policy in a way different from its plain meaning, she amended and altered the agreement, and she acted without any authority to award damages for land in Montgomery County based the provisions of a policy that only covered land in Richmond County.

B. Farms 1870 and 4168

Prior to obtaining a prevented planting payment, an insured must first include in the acreage report any insurable acreage of the insured crop that was prevented from being planted. 7 C.F.R. § 457.8, ¶ 17(2). With regard to Farms 1870 and 4168, the

4

arbitrator specifically found the following: i) Petitioner had been unable to plant on Farms 1870 and 4168 due to rain, (D.E. 1-1, ¶ 46); ii) the acreage report did not include any insurable acreage of the insured crop that was prevented from being planted, (D.E. 1-1, ¶48); and iii) Petitioner was effectively uninsured for prevented planting on Farms 1872 and 4168, (D.E. 1-1, ¶ 51). Therefore, after hearing all the evidence, the arbitrator, under the authority granted her by the policy, specifically found as a fact that prevented planting losses on Farms 1872 and 4168 were not even covered under the policy. Similar to Farm 2172, if the cause of loss is not covered under the policy, it cannot provide the basis for breach of policy or determination of damages under that policy.

The scope of the arbitrator's authority to award contractual damages under the policy for Farms 1872 and 4168 was limited solely to whether Respondent was in breach of its obligations regarding prevented planting losses. In this case, 7 C.F.R. § 457.8, ¶ 17(2) required the Petitioner to report the prevented planted acreage in order for that to be covered under the policy. It is uncontradicted that Petitioner failed to report the prevented planted acreage as required to ensure coverage under the policy. Thus, the arbitrator concluded that the prevented planted acreage was not covered under any policy.

5

The arbitrator was without authority to award contractual damages for Farms 1872 and 4168 if those farms were effectively uninsured for prevented planting by Petitioner's failure to include in the acreage report any insurable acreage of the insured crop that was prevented from being planted. By interpreting Exhibit B as giving her authority to award contractual damages for claims arising from prevented planting claims on Farms 1872 and 4162 when the arbitrator specifically found that the policy did not cover that claim, the arbitrator unilaterally amended the policy agreement, and acted beyond the scope of her authority. Therefore, assuming, arguendo, that the Farm 1872 and 4621 damages were contractual in nature, the arbitrator interpreted the unambiguous language of the policy in a way different from its plain meaning, she amended and altered the agreement, and she acted without any authority to award damages for land the arbitrator specifically found that was uninsured under the policy.

II. THE ARBITRATOR WAS WITHOUT AUTHORITY TO AWARD EXTRA-CONTRACTUAL DAMAGES AND ATTORNEYS' FEES WHERE THE POLICY SPECIFICALLY PROHIBITED THOSE AWARDS DURING ARBITRATION AND SUCH AWARDS WERE DIRECTLY CONTRARY TO PREVIOUSLY ISSUED FCIC INTERPRETATIONS OF PROCEDURAL POLICY PROVISIONS.

As previously described in the Amicus Brief, the arbitrator's authority derives solely from the agreement (i.e. policy). The policy only allowed for contractual damages. Any extra-contractual damages, such as those arising from state claims (i.e. negligence, breach of duty, constructive fraud, and unfair and

6

deceptive practices), and attorneys' fees damages are, under the clear and unambiguous terms of the policy, specifically outside the scope of the arbitrator's authority to award. Therefore, the arbitrator clearly interpreted the unambiguous language of the policy in a way different from its plain meaning, she amended and altered the agreement, and acted without any authority to award extra-contractual damages and attorneys' fees specifically prohibited to her by the policy.

In addition, as previously discussed in its Amicus Brief, the arbitrator was obligated to follow previously issued FCIC interpretations because "[a]ny interpretation by FCIC will be binding in any...arbitration." 7 C.F.R. § 457.8, ¶ 20(a)(1)(i). FCIC had already issued FAD-193 and FAD-99 that clearly stated that claimants could only obtain extra-contractual awards and attorneys' fees in judicial review and then only after obtaining an FCIC determination of the agent's actions. As noted by the clear, unambiguous language of the policy, the arbitrator was without authority to ignore previously issued FCIC interpretations and was without authority to award extra-contractual damages and attorneys' fees.

Petitioner's reliance on Great American Ins. Co. v. Moye, 733 F.Supp.2d 1298 (M.D. Fla. 2010), is misplaced. The court in Moye declined to nullify an arbitrator's award for failure to obtain or follow an FCIC interpretation of disputed policy provisions

7

because the disputed policy provisions were factual in nature rather than procedural. In this case, the disputed policy provisions are clearly procedural in nature. Whether the arbitrator must obtain or follow an FCIC interpretation of disputed policy provisions under Section 20(a), whether state claims are precluded, and whether the arbitrator has the authority to award extra-contractual damages and attorneys' fees are all questions of procedural policy provisions. Therefore, Moye does not support Petitioner's argument.

   III. PETITIONER MUST FIRST SEEK AN FCIC DETERMINATION THAT AN AGENT FAILED TO COMPLY WITH THE TERMS OF THE POLICY PRIOR TO BEING AWARDED EXTRA-CONTRACTUAL DAMAGES OR ATTORNEYS' FEES IN JUDICIAL REVIEW.

Petitioner argues that FCIC does not even know what the proper procedure is for recovering attorneys' fees or obtaining extra-contractual damages. (D.E. 22, pp. 10-11). Petitioner appears to have erroneously conflated an obligation to follow or obtain a Final Agency Determination interpreting provisions of a policy with the need for a claimant to obtain an FCIC determination that there was a failure to comply with the terms of the policy prior to obtaining attorney's fees or extra-contractual damages.[3]

---

[3] As described in this section, an FCIC interpretation of the meaning of disputed policy provisions is completely separate and distinct from an FCIC determination that an agent failed to comply with the terms of the policy. FCIC has never reviewed the merits of whether Petitioner was entitled to the damages sought. FCIC has only opined that such damages can only be awarded in judicial review, not arbitration.

8

Section 20(a)(1) of the Basic Provisions states that if there is a dispute that involves a policy or procedure interpretation, either party must obtain an interpretation from FCIC. See (D.E. 1-2, p. 29, ¶ 20(a)(1); D.E. 1-3, p. 29, ¶ 20(a)(1)); see also 7 C.F.R. § 457.8 ¶ 20 (a)(1). The only exception is when FCIC has already issued an interpretation of the disputed provisions. See Davis v. Producers Agriculture Insurance Company, 762 F.3d 1276, 1286 (11th Cir. 2014).

Section 20(a)(1) of the Basic Provisions also states that any interpretation by FCIC will be binding in any mediation or arbitration. See (D.E. 1-2, p. 29, ¶ 20(a)(1)(i); D.E. 1-3, p. 29, ¶ 20(a)(1)(i)); see also 7 C.F.R. § 457.8 ¶ 20(a)(1)(i) and 7 C.F.R. § 400.765(c). Any failure to obtain any required interpretation from FCIC will result in the nullification of any agreement or award. See (D.E. 1-2, p. 29, ¶ 20(a)(1)(ii); D.E. 1-3, p. 29, ¶ 20(a)(1)(ii)); see also 7 C.F.R. § 457.8 ¶ 20 (a)(1)(ii). Therefore, according to the clear and unambiguous language, Section 20(a), the parties must obtain an FCIC interpretation of any policy provisions in dispute. If an FCIC interpretation of disputed policy provisions has already been issued, Davis obligates the arbitrator to follow that previously issued FCIC interpretation.

On the other hand, FCIC has explained that the plain provisions in section 20(i) of the Basic Provisions mean that

extra-contractual damages and attorneys' fees can only be awarded in judicial review by the court and only after the claimant obtains a determination from FCIC that the agent, insurance provider, or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in the producer receiving a payment in an amount that is less than the amount to which he or she was entitled.  The plain and unambiguous language of the policy without question demonstrates that no award for attorneys' fees can be obtained or confirmed where the claimant has failed to first obtain an FCIC determination that an agent or loss adjuster failed to comply with the terms of the policy and the arbitrator was without any authority to make such an award in the first place.

    Respectfully submitted, this 26th day of September, 2016.

                                JOHN STUART BRUCE
                                United States Attorney

                                By:    /s/ Rudy E. Renfer
                                RUDY E. RENFER
                                Attorney for the Amicus Brief
                                Assistant U.S. Attorney
                                U.S. Attorney's Office
                                Civil Division
                                310 New Bern Avenue, Suite 800
                                Raleigh, NC  27601-1461
                                Telephone:  (919) 856-4530
                                Facsimile:  (919) 856-4821
                                Email: rudy.e.renfer@usdoj.gov
                                N.C. Bar No. 23513

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a copy to the attorneys of record as follows:

Attorneys for Petitioner
Kindelle Morton McCullen
Stubbs & Perdue, PA
310 Craven Street
Post Office Box 1654
New Bern, NC 28563
252-633-2700
Fax: 252-633-9600
Email: kmccullen@stubbsperdue.com

Matthew W. Buckmiller
Stubbs & Perdue, PA
9208 Falls of Neuse Road
Suite 201
Raleigh, NC 27615
919-870-62578
Fax: 919-870-6259
Email: mbuckmiller@stubbsperdue.com

Attorney for Respondent
Derek M. Crump
Brown, Crump, Vanore and Tierney, LLP
421 Fayetteville Street, Suite 1601
Post Office Box 1729
Raleigh, NC 27601
919-835-4466
Fax: 919-835-0915
Email: dcrump@bcvtlaw.com

By: /s/ Rudy E. Renfer
RUDY E. RENFER
Attorney for the Amicus Brief
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
310 New Bern Avenue, Suite 800
Raleigh, NC  27601-1461
Telephone:  (919) 856-4530
Facsimile:  (919) 856-4821
Email: rudy.e.renfer@usdoj.gov
N.C. Bar No. 23513